IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIE MORRIS                                                                                              PLAINTIFF

V.                                                                                                  NO. 4:10CV022-P-S

CORRECTION OFFICER MARCUS COLLINS, et. al                                          DEFENDANTS

## REPORT AND RECOMMENDATION

The plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under 42 U.S.C. § 1983.

In his complaint, the plaintiff alleged that he was assaulted by defendant Sturdivant and others. At the hearing he advised the court that his pleadings were prepared by another inmate because he is unable to read and write. The plaintiff admitted he is under the care of a psychiatrist. He was unable to provide the court with enough information to determine if this matter is justiciable. The court, therefore, appointed an attorney, Austin Vollor, to investigate the plaintiff's claims and determine whether a meritorious claim existed and the identity of potential defendants. Mr. Vollor submitted a thorough report concluding that there are no meritorious claims to be pursued.

Vollor's findings are consistent with his conclusion. He submits that between May 2008 and September 2011, the plaintiff was involved in 112 incidents or altercations with officers and staff, as well as other inmates. Vollor further found that these altercations were directed toward almost all employees with whom the plaintiff came in contact. Despite the plaintiff's allegations of repeated abuse, his medical records revealed no treatments or diagnosis consistent with the physical abuse alleged. As Vollor succinctly explained, if the plaintiff's allegations are to be believed, "one would have to believe that there exists a conspiracy of MSP corrections officers, medical personnel, and the CID to cover up multiple assaults."

Given the absence of supporting medical records, the plaintiff's documented disdain for virtually all MSP staff, and his psychiatric issues, the undersigned finds that the complaint lacks merit and should be dismissed.

CONCLUSION

It is the recommendation of the undersigned, therefore, that the complaint be dismissed as frivolous.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 7th day of November, 2011.

    /s/ David Sanders
UNITED STATES MAGISTRATE JUDGE